IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

VS.                            CASE NO. 17-50025

GEORGE HAGADONE                                                 DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Local Rule 72.1 ¶ XII, and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a waiver of indictment and plea hearing pursuant to Rule 7(b) and Rule 11 of the Federal Rules of Criminal Procedure.  Such a hearing was conducted on March 31, 2017, and, pursuant to a written plea agreement, the Defendant, George Hagadone, waived indictment and entered a plea of guilty to the one count information charging him with possession of child pornography, in violation of 18 U.S.C. § 2252A(A)(5)(B) and (b)(2).  After conducting the hearing in the form and manner prescribed by Rule 7(b) and Rule 11, the undersigned finds:

1.   The Defendant, after consultation with his counsel, has knowingly and voluntarily waived indictment and consented, both in writing in the plea agreement and on the record at the hearing, to the entry of his guilty plea to an information before the undersigned, with the plea being subject to final approval by United States District Judge Timothy L. Brooks.

2.     The Defendant and the Government have entered into a written plea agreement which has been disclosed in open court pursuant to Rule 11(c)(2), and the undersigned has directed that the plea agreement be filed.

3.     The Defendant is fully competent and capable of entering an informed plea; the Defendant is aware of the nature of the charges, the applicable maximum penalties, and the consequences of the plea; the Defendant is fully satisfied with his counsel and has had sufficient time to consult with him; and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

4.     The Defendant understands his constitutional and statutory rights and wishes to waive these rights.

5.     The parties were informed on the record at the hearing and acknowledge in writing in the plea agreement of the right to file written objections within fourteen (14) days after receipt of this Report and Recommendation.  To expedite acceptance of the guilty plea, the parties waived, both on the record and in the plea agreement, their right to file objections.

Based on the foregoing, the undersigned recommends that the guilty plea be accepted and that the written plea agreement be tentatively approved, subject to final approval at sentencing.

DATED this 31st day of March, 2017.

/s/ *Erin L. Wiedemann*

HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE